IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABDUL-MAFIDH AS SALAFI, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. No. 12-1120-SLR |
| | ) |
| PERRY PHELPS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 14th day of March, 2013, having reviewed the pending motions (D.I. 42, 43);

IT IS ORDERED that the motion to compel defendants to relocate (D.I. 42) is **denied** and the motion to withdraw complaint (D.I. 43) is **granted**, for the reasons that follow:

1. **Background.** Plaintiffs, inmates housed at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act. They proceed pro se and have paid the filing fee. On March 5, 2013, plaintiffs Christopher R. Desmond ("Desmond") and Joseph M. Walls ("Walls") filed a motion to relocate them to another building within the VCC. (D.I. 42) The court construes the motion as a motion for injunctive relief. On March 8, 2013, plaintiff Abdul-Mafidh as Salafi ("Salafi") filed a motion to withdraw his complaint, construed as motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41. (D.I. 43)

2. **Injunctive relief.** A preliminary injunction is "an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("*NutraSweet II*"). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (not published) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

3. Plaintiffs Desmond and Walls state that defendants have discriminated against them based upon their Catholicism and that they are denied access to Catholic services and leaders as opposed to other religions. They also contend that the legal system at the VCC is inadequate. Finally, they indicate that defendants have failed to protect them from harm by the staff and, despite their complaints, prison officials have taken no corrective action.

4. Desmond and Walls seek a transfer to a different building based upon their allegations. Upon review of the allegations made by plaintiffs, the court concludes that they have not demonstrated the likelihood of success on the merits. Notably, with regard to housing assignments, the Delaware Supreme Court has recognized that prison officials have discretion to house inmates at the facilities they choose. *Walls v.*

*Taylor*, 856 A.2d 1067, 2004 WL 906550 (Del. 2004) (table) (citing *Brathwaite v. State*, No. 169, 2003 (Del. Dec. 29, 2003). Furthermore, the United States Supreme Court has held that an inmate has no due process right to be incarcerated in a particular institution whether it be inside the state of conviction, or outside that state. *Olim v. Wakinekona,* 461 U.S. 238, 251 (1983). Finally, granting injunctive relief is in contravention of the public's interest in the effective and orderly operation of its prison system. *Carrigan v. State of Delaware*, 957 F. Supp. 1376, 1385 (D. Del. 1997). Therefore, the court denies the motion.

5. **Voluntary dismissal**. Salafi seeks voluntarily dismiss pursuant to Fed. R. Civ. P. 4. (D.I. 43) The motion to voluntarily dismiss pursuant to Fed. R. Civ. P. 41 is **granted** and Salafi and his claims are dismissed without prejudice.

                                                     _____
                                                     UNITED STATES DISTRICT JUDGE