IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER DESMOND, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. No. 12-1120-SLR |
| | ) |
| PERRY PHELPS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 16th day of July, 2013, having reviewed the pending motions for sanctions (D.I. 54, 55);

IT IS ORDERED that the motions (D.I. 54, 55) are **denied**, for the reasons that follow:

1. **Background**. Plaintiffs, inmates housed at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). They proceed pro se, have paid the filing fee. Recently plaintiff Joseph M. Walls ("Walls") was granted in forma pauperis status. (D.I. 50) On July 9 and 10, 2013, plaintiff Christopher R. Desmond ("Desmond") filed two motions for sanctions (D.I. 54, 55), construed by the court as motions for injunctive relief.

2. **Injunctive relief**. A preliminary injunction is "an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public

interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("*NutraSweet II*"). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (not published) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

3. Both motions complain of difficulty plaintiffs have had in obtaining the USM-285 forms necessary to effect service. The court recently entered an order addressing the issue. Therefore, with regard to relief sought in obtaining the correct forms, the motions are moot.

4. The complaint alleges violations of plaintiffs' right to the free exercise of religion under the First and Fourteenth Amendments to the United States Constitution and RLUIPA. (D.I. 1, 28) In addition to the service forms issue, the instant motions speak to retaliation, seek transfer to different housing units,[1] and raise medical needs claims on behalf of Desmond.[2] These issues have nothing to do with the claims raised in the complaint. Plaintiffs, and most notably Desmond, may not inject issues unrelated to the instant complaint through the filing of motions. Plaintiffs may seek to obtain the relief they seek by opting to initiate new lawsuits. Finally, plaintiffs have not

---

[1]The court previously denied a motion for injunctive relief for a transfer filed by Desmond and Walls. (*See* D.I. 45)

[2]Desmond, a frequent filer, has three strikes pursuant to 28 U.S.C. § 1915(g) and, therefore, he cannot bring a new civil action in forma pauperis unless there are allegations of imminent danger of serious physical injury.

2

demonstrated that injunctive relief is appropriate.  Therefore, the court denies the motions.

    5. Plaintiffs are placed on notice that filings raising issues unrelated to the instant complaint will be docketed, but not considered.

                                                     *[signature]*
                                      UNITED STATES DISTRICT JUDGE