IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CHRISTOPHER DESMOND, et al.,      )
                                  )
              Plaintiffs,         )
                                  )
    v.                            ) Civ. No. 12-1120-SLR
                                  )
PERRY PHELPS, et al.,             )
                                  )
              Defendants.         )

## MEMORANDUM ORDER

At Wilmington this 15th day of April, 2014, having considered the pending motions

(D.I. 81, 89);

IT IS ORDERED that the motions are **denied**, for the reasons that follow:

1. **Background**. Plaintiffs, inmates housed at the James T. Vaughn

Correctional Center, Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983

and the Religious Land Use and Institutionalized Persons Act. They proceed pro se

and have paid the filing fee.

2. **Motion for default judgment**. Plaintiff Joseph Walls ("Walls") has filed a

motion for default judgment. (D.I. 81) The court will deny the motion. Entry of default

judgment is a two-step process. Fed. R. Civ. P. 55(a), (b). A party seeking to obtain a

default judgment must first request that the Clerk of the Court "enter. . .the default" of

the party that has not answered the pleading or "otherwise defend[ed]," within the time

required by the rules or as extended by court order. Fed. R. Civ. P. 55(a). Timely

serving and filing a motion to dismiss under Fed. R. Civ. P. 12(b), precludes entry of

default. *See Francis v. Joint Force Headquarters Nat'l Guard*, 2006 WL 2711459 (D.N.J. Sept. 19, 2006). Even if default is properly entered, the entry of judgment by default pursuant to Rule 55(b)(2) is within the discretion of the trial court. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). There has been no entry of default. Therefore, the motion for default judgment is premature. In addition, defendants have appeared and answered the complaint. (*See* D.I. 80)

3. **Letter/motion for injunctive relief**. Plaintiff Christopher Desmond ("Desmond") moves for injunctive relief on the grounds that he is not afforded adequate access to the law library. (D.I. 89) Defendants respond that Desmond is afforded adequate law library access. The court will deny the motion.

4. **Standard**. A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("*NutraSweet II*"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("*NutraSweet I*") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a

-2-

request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services, Inc.,* 287 F. App'x 142, 144 (3d Cir. 2008) (not published) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

5. **Discussion**. Desmond had twenty-five appointments to visit the law library from January 1 to March 21, 2014. (D.I. 94, Little aff.) Of those twenty-five visits, Desmond use the law library seventeen times. Desmond missed two appointments and the law library was closed the remaining six times due to snow, holidays or maintenance. (*Id.*) Desmond has received notary public services, photocopy services, and has accessed legal materials.

6. Prisoners must be allowed "adequate, effective and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977) (holding that prisons must give inmates access to law libraries or direct legal assistance). "Many courts have found a cause of action for violation of the right of access stated where it was alleged that prison officials confiscated and/or destroyed legal materials." *Zilich v. Lucht*, 981 F.2d 694, 695 (3d Cir. 1992) (citations omitted). However, a violation of the First Amendment right of access to the courts is only established where a litigant shows that he was actually injured by the alleged denial of access.[1] The actual injury requirement is a constitutional prerequisite to suit. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U .S. 403, 415 (2002) (explaining that the constitutional right of access is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court").

---

[1]An actual injury is shown only where a nonfrivolous, arguable claim is lost. *Christopher v. Harbury,* 536 U.S. 403, 415 (2002).

7.  Upon review of the allegations made by Desmond, the court concludes that he has not demonstrated the likelihood of success on the merits.  The record reflects that Desmond has had adequate access to the law library.  Moreover, there is no evidence of injury as is required for a denial of access to the courts claim.  Desmond has failed to demonstrate any of the elements required for injunctive relief.

UNITED STATES DISTRICT JUDGE