IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER DESMOND, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. No. 12-1120-SLR |
| | ) |
| PERRY PHELPS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Background**. Plaintiffs, inmates housed at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act. They proceed pro se and have paid the filing fee. The matter proceeds on counts 1 through 14 and 18 of the complaint. (See D.I. 1, 28) These counts raise claims on behalf of plaintiffs who belong to the Sunni-Salafi orthodox denomination of Islam, with count 2 as the only count that includes a free exercise of religion claim for those plaintiffs who practice Catholicism. (D.I. 1 at 7) At least two of the plaintiffs, Christopher Desmond ("Desmond") and Joseph M. Walls ("Walls") (together "plaintiffs"), practice Catholicism. (See D.I. 15 at 3, D.I. 28)

2. Plaintiffs filed a motion for preliminary injunctive relief to restrict defendants from retaliating against them based upon their religion. (D.I. 79, 90) Defendants filed an opposition to the motion and, on April 16, 2014, the court ordered defendants to file a supplemental response. Thereafter, Desmond filed a motion to alter or amend the April 16, 2014 order. (See D.I. 99)

3. **Motion for reconsideration**. The court construes Desmond's motion to alter or amendment judgment as a motion for reconsideration. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Desmond raises several grounds for reconsideration, none of which are availing. The court finds that Desmond has failed to demonstrate that reconsideration of the court's April 16, 2014 order is appropriate. Therefore, the motion will be denied.

4. **Injunctive relief**. A preliminary injunction is "an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("*NutraSweet II*"). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v.*

*Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (unpublished) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

5. **Discussion**. Plaintiffs state that defendants have discriminated against them based upon their Catholicism and that they are denied access to Catholic services and religious leaders when compared to other religions. Desmond claims that discrimination occurred in the past against him, the St. Dismas Catholic community, its volunteers, priest, and anyone associated with social concerns or social teachings of the Catholic church, because he brought defendants' mismanagement of the prison system to the attention of others. (D.I. 79) According to Desmond, the discrimination resulted in his transfer to SHU/MAX and St. Dismas volunteers were banned from the VCC. Desmond anticipates there will be further retaliation as a result of his November 2013 publication "legislative agenda 2014 sentencing reforms." Desmond seeks the reinstatement of the banned St. Dismas Catholic volunteers and the programs they provided. Plaintiffs further contend that prison policies have gutted core sacraments of the Catholic mass or prayers, prohibited Catholic dietary foods and feast practices, eviscerated Catholic social justice programs and education, eliminated access to Catholic information or education sources, and discriminated between secular or Protestant beliefs and Catholic beliefs. (D.I. 90)

6. Walls' affidavit states that: (1) he was told that defendant James Scarborough ("Scarborough") was targeting Catholics, because they think they are above everybody and need to be put in their place; (2) defendant Perry Phelps ("Phelps") transferred Walls to SHU in retaliation for Walls praying for prison officials during a mass held in February 2012; and (3) the prison grievance chairperson stated

3

that Catholics were her least favorite religion and she agreed that Catholics should be run out of prison. (D.I. 91, ex. A) Desmond's affidavits basically clarifies issues and discusses the law. (D.I. 92, ex. B; D.I. 93)

7. Defendants counter plaintiffs' claims with the affidavits of defendant Frank Pennell ("Pennell"), who has been employed as a chaplain at the VCC since 1983, and Ron Hosterman ("Hosterman"), who is the supervisor of Pennell. (D.I. 114, exs. A, B) The affidavits refute plaintiffs' claims, as follows: (1) the treatment of religious volunteers at the VCC is the same regardless of religious denomination; (2) the volunteers who were banned from the VCC were barred for failure to comply with VCC policies and not for their religious views or expressions; (3) there is no interference with Catholic religious requirements; (4) there is no favoritism shown to any particular religion and great efforts are made to ensure that inmates have adequate (and to the extent possible) equal access to programs and worship opportunities; (5) inmates are allowed to have up to three books in their cell, the VCC library's religious educational resources include many Catholic resources and, upon request, inmates have access to religious television and video programs; (6) there are no religious programs at the VCC that entitle an inmate to good time credit upon completion; and (7) housing records do not support plaintiffs' contentions that they were transferred to a higher security housing unit for speaking out in furtherance of their Catholic faith.

8. Upon review of the allegations made by plaintiffs and the evidence submitted, the court concludes that plaintiffs have not met the requisites for injunctive relief. Plaintiffs have not demonstrated the likelihood of success on the merits. Nor does the record reflect that denial of their motion will result in irreparable harm. Finally,

4

granting injunctive relief is in contravention of the public's interest in the effective and orderly operation of its prison system. *Carrigan v. State of Delaware*, 957 F. Supp. 1376, 1385 (D. Del. 1997).

9. **Conclusion**. For the above reasons, the court will deny the motion to alter or amend judgment (D.I. 99), construed by the court as a motion for reconsideration, and will deny the motions for injunctive relief (D.I. 79, 90). A separate order shall issue.

Dated: June __16__, 2014          UNITED STATES DISTRICT JUDGE