IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER DESMOND, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. No. 12-1120-SLR |
| | ) |
| PERRY PHELPS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Background.** Plaintiffs, inmates housed at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act. They proceed pro se and have paid the filing fee. The matter proceeds on counts 1 through 14 and 18 of the complaint. (See D.I. 1, 28) These counts raise claims on behalf of plaintiffs who belong to the Sunni-Salafi orthodox denomination of Islam, with count 2 as the only count that includes a free exercise of religion claim for those plaintiffs who practice Catholicism. (D.I. 1 at 7) At least two of the plaintiffs, Christopher Desmond ("Desmond") and Joseph M. Walls ("Walls") (together "plaintiffs"), practice Catholicism. (See D.I. 15 at 3, D.I. 28) Currently pending are numerous motions filed by plaintiffs and non-party James Hardwick ("Hardwick"). (D.I. 104, 111, 115, 122, 126, 130, 132, 133)

2. **Motion for joinder and motion to amend.** Hardwick moves the court to join and amend the original complaint. (D.I. 104) Plaintiff Christopher Desmond moves the court to amend to add a 42 U.S.C. § 1985 retaliatory transfer claim. (D.I. 111) The

court will grant the motions. Hardwick indicates that, as the only recognized Jew at the VCC, he has been hindered, restrained, or denied various aspects of his sincerely held religious beliefs. Pursuant to Fed. R. Civ. P. Rule 20, persons may join in one action if: (1) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all plaintiffs will arise in the action. Fed. R. Civ. P. 20(a). This case raises issues with regard to the practice of religion at the VCC.

3. Pursuant to Fed. R. Civ. P. 15(a), a party may amend his pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b), whichever is earlier. Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave. Rule 15 provides that court should freely give leave to amend when justice so requires. The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Plaintiffs will be ordered to file an amended complaint that incorporates the proposed amendments and that reflects the claims that remained after screening as set forth in the court's November 5, 2012 memorandum order. (*See* D.I. 28)

4. **Letter/motion for injunctive relief**. Desmond asserts retaliation by defendants and seeks injunctive relief to return him to his prior status and to allow him

2

to practice his religion without intimidation. (D.I. 115) The court will deny the motion. A preliminary injunction is "an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("*NutraSweet II*"). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (unpublished) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)). Upon review of the allegations made by Desmond and the evidence submitted by the parties, the court concludes that Desmond has not met the requisites for injunctive relief. He has not demonstrated the likelihood of success on the merits. Nor does the record reflect that denial of his motion will result in irreparable harm. Finally, granting injunctive relief is in contravention of the public's interest in the effective and orderly operation of its prison system. *Carrigan v. State of Delaware*, 957 F. Supp. 1376, 1385 (D. Del. 1997).

5. **Motion for extension of time**. Plaintiff Joseph M. Walls moves for an extension of time to file a reply brief. (D.I. 122) The court will deny the motion as moot given that the underlying motion for injunctive relief was denied on June 17, 2014.

6. **Motions for reconsideration and motions for sanctions**. The court

3

construes Desmond's motions to alter or amendment judgment and motion to vacate memorandum and order as motions for reconsideration of the court's June 16, 2014 memorandum and order (D.I. 118, 119) that denied motions for reconsideration and motions for injunctive relief. (D.I. 126, 130) Desmond contends that defendants provided fraudulent affidavits in opposition to the motions for injunctive relief. In addition, plaintiffs move for sanctions on the grounds that defendants submitted false and fraudulent affidavits which resulted in "winning favorable decisions" in the court's June 17, 2015 memorandum and order, opposed by defendants. (D.I. 132, 133) The court will deny the motions.

7. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Desmond raises several grounds for reconsideration, none of which are availing. The court finds that Desmond has failed to demonstrate that reconsideration of the court's June 17, 2014 order is appropriate. Moreover, the court finds that sanctions are not appropriate. Therefore, the motions will be denied.

8. **Clarification**. Desmond asks for clarification of filings by defendants claiming that he is confused on several issues. (D.I. 138) The court cannot provide the

4

clarification that Desmond seeks, as it would be improper for the court to provide him legal advice. *See e.g., Mala v. Crown Bay Marina, Inc.*, 704 F.3d 129, 244-45 (3d Cir. 2013).

9. **Conclusion.** For the above reasons, the court will grant the motions to join and amend (D.I. 104, 111) and deny the remaining pending motions (D.I. 115, 122, 126, 130, 132, 133). A separate order shall issue.

Dated: September  10 , 2014         UNITED STATES DISTRICT JUDGE