IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER DESMOND, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. No. 12-1120-SLR |
| | ) |
| PERRY PHELPS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Background.** Plaintiffs, inmates housed at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act. They proceed pro se and have paid the filing fee. The matter proceeds on counts 1 through 14 and 18 of the complaint. (See D.I. 1, 28) These counts raise claims on behalf of plaintiffs who belong to the Sunni-Salafi orthodox denomination of Islam, with count 2 as the only count that includes a free exercise of religion claim for those plaintiffs who practice Catholicism. (D.I. 1 at 7) Plaintiffs Christopher Desmond ("Desmond") and James Hardwick were given leave to amend the complaint. (D.I. 141) Currently pending are numerous motions filed by the parties. (D.I. 142, 143, 144, 145, 147, 148, 154)

2. **Motion to compel.** Desmond filed a letter/motion regarding discovery served upon defendants, construed by the court as a motion to compel. (D.I. 142) The motion will be denied without prejudice. Defendants have objected to certain discovery requests on the basis of 11 Del. C. § 4322 (c) and (d). (See D.I. 134, 139) Desmond wishes to brief the constitutionality of the statute in an attempt to obtain the discovery.

Briefing the issue of the constitutionality of § 4322 is not necessary. Plaintiffs are to abide by the Federal Rules of Civil Procedure when seeking to compel discovery. The court is unable to rule on discovery issues when it does not have before it the particular requests to which Desmond seeks a response.

3. **Motion for access to legal materials.** Desmond filed a letter/motion to compel defendants to provide him with copies of legal documents requested from the law library,[1] to compel defendants to produce discovery, to brief the issue of 11 Del. C. § 4322 (c) and (d) (as discussed in paragraph 2 above), to transfer Desmond from SHU,[2] and the reinstatement of all Catholic volunteers. The motion will be granted to the extent that defendants shall provide Desmond with copies of the legal documents which consists of briefs filed before the United States Supreme Court, insofar as the request complies with Delaware Department of Correction rules and regulations with regard to legal research and the numbers of copies allowed an inmate, and will be denied in all other respects.

4. **Motion to amend.** Walls moves to amend the original complaint to add a defendant and incorporate clarifications as set forth in previously filed motions for injunctive relief. (D.I. 144) The motion will be denied without prejudice. Pursuant to D.

---

[1]The legal materials consist of briefs filed before the United States Supreme Court in *Holt v. Hobbs*, No. 13-6827, a case that raises the following issue: "Whether the Arkansas Department of Correction's grooming policy violates the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc et seq., to the extent that it prohibits petitioner from growing a one-half-inch beard in accordance with his religious beliefs." *Holt v. Hobbs*, ___U.S.___, 134 S.Ct. 1512 (2014).

[2]The court does not consider Desmond's request for a transfer from SHU. (*See* D.I. 58, "filings raising issues unrelated to the instant complaint will be docketed, but not considered.").

2

Del. LR 15.1(b), when seeking to amend, the proposed amended pleading shall indicate in what respect it differs from the pleading which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added. Here, Walls did not provide a proposed amended complaint for the court's review. The court will consider a renewed motion to amend upon Walls' compliance with the local rules of this court.

5. **Motion for sanctions.** Walls has filed a motion to continue with motion for sanctions and to remove Deputy Attorney General Scott W. Perkins. (D.I. 145) The motion will be denied. The motion is a continuation of a previously filed motion for sanctions found at docket item 133 that was denied at docket item 141.

6. **Motion for extension of time.** Plaintiff James Hardwick' motion for an extension of time to file an amended complaint will be granted. (D.I. 147)

7. **Motion for injunctive relief.** Desmond asserts retaliation by defendants and seeks injunctive relief for defendants to provide him with legal materials and sanctions. (D.I. 148) The court will deny the motion. A preliminary injunction is "an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("*NutraSweet II*"). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive

3

relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (unpublished) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)). Upon review of the allegations made by Desmond, the court concludes that Desmond has not met the requisites for injunctive relief. Desmond is provided legal materials, but not to the extent he desires. He has not demonstrated the likelihood of success on the merits. Nor does the record reflect that denial of his motion will result in irreparable harm. Granting injunctive relief is in contravention of the public's interest in the effective and orderly operation of its prison system. *Carrigan v. State of Delaware*, 957 F. Supp. 1376, 1385 (D. Del. 1997). Finally, sanctions are not appropriate.

8. To date, Desmond has filed numerous letters or motions seeking injunctive relief. (*See* D.I. 20, 25, 42, 79, 83, 89, 112, 115, 143, 148) Many raise the same issues and all have been denied. Given Desmond's proclivity for filing, he is placed on notice that the court will docket the letters and motions that seek injunctive relief, and then review the filing to determine whether it will be considered.

9. **Motion to strike.** Defendants move to strike the amended complaint filed by Desmond. (D.I. 154) The court will grant the motion. The court granted Desmond and Hardwick leave to amend. Plaintiffs were admonished that the court would strike the amended complaint should they fail to abide by the September 10, 2014 order. (*See* D.I. 141) Desmond did not heed this admonishment. In addition, the amended complaint is not signed by all plaintiffs as is required by the Federal Rules of Civil Procedure.

10. **Conclusion.** For the above reasons, the court will: (1) grant in part Desmond's letter/motion for legal materials, discovery and injunctive relief (D.I. 143); (2) grant Hardwick' motion for an extension of time to file an amended complaint (D.I. 147); (3) grant defendants' motion to strike (D.I. 154); (4) deny the remaining pending motions (D.I. 142, 143, 144, 145, 148); and (5) docket the letters and motions seeking injunctive relief filed by Desmond and review the filings to determine whether they will be considered. A separate order shall issue.

Dated: October 29, 2014

UNITED STATES DISTRICT JUDGE