IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| CHRISTOPHER DESMOND, et al., | ) |
| --- | --- |
| Plaintiffs, | ) ) ) ) |
| v. | ) Civ. No. 12-1120-SLR ) |
| PERRY PHELPS, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Introduction.** Plaintiffs, inmates housed at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act. They proceed pro se and have paid the filing fee.

2. **Motion for reconsideration.** Plaintiff Christopher Desmond ("Desmond") moves for reconsideration of the court's October 29, 2014 memorandum and order that ruled on a number of pending motions. (See D.I. 159, 160, 161) Defendants oppose the motion. The motion will be denied. (D.I. 161).

3. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

Having reviewed Desmond's motion, the court finds that he has failed to demonstrate any grounds to warrant reconsideration of the court's October 29, 2014 memorandum and order. Therefore, the motion will be denied.

4. **Motion for recusal.** Desmond moves for recusal of the undersigned pursuant to 28 U.S.C. § 144 and § 455 on the grounds that the court's decisions favor defendants over plaintiffs, the court has ignored the filing of false filings by defendants, and the court has failed to force defendants and their counsel to adhere to the fair play rules when deciding claims, motions, and pleadings. (D.I. 162) Defendants oppose the motion. The court will deny the motion.

5. Section 144 provides "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." Desmond failed to submit an affidavit in support of his motion, and has not met the requirements of § 144.

6. With regard to 28 U.S.C. § 455(a), a judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned," *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004), not "whether a judge actually harbors bias against a party," *United States v. Kennedy*, 682 F.3d 244, 258 (3d Cir. 2012). Under § 455(b) (1), a judge is required to recuse himself "[w]here he has a personal bias or prejudice concerning a party."

2

7. Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve an extrajudicial factor). Hence, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.

8. It is evident from his motion that Desmond takes exception to this court's rulings and this serves as his basis to seek recusal. A reasonable, well-informed observer could not believe that the rulings were based on impartiality, bias, or actual prejudice by the undersigned. In light of the foregoing standard, and after considering Desmond's assertions, the court concludes that there are no grounds for recusal.

9. **Motion to enforce D.I. 159**. Desmond move to enforce that portion of the court's October 29, 2014 memorandum and order that required defendants to provide him with legal materials. (D.I. 166) The court will deny the motion. The court ordered defendants to provide Desmond with copies of legal documents that consisted of briefs filed before the United States Supreme Court insofar as the request complied with Delaware Department of Correction rules and regulations, and Desmond has acknowledged that he received three briefs from the State. (*See* D.I. 159, ¶ 3; D.I. 160, ¶ 2)

10. **Conclusion**. For the above reasons, the court will deny Desmond's motions. (D.I. 161, 162, 166). A separate order shall issue.

Dated: January 12, 2015

UNITED STATES DISTRICT JUDGE

3