IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER DESMOND, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. No. 12-1120-SLR |
| ) | |
| PERRY PHELPS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

1. **Introduction.** Plaintiffs, inmates housed at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act. They proceed pro se and the filing fee was paid by Constance W. Scott-Conley behalf of Abdul-Madfidh as Salafi.[1] Plaintiff Joseph M. Walls ("Walls") was granted leave to proceed in forma pauperis on June 5, 2013. (D.I. 47, 50)

2. **Background.** The matter proceeds on counts 1 through 14 and 18 of the complaint. (See D.I. 1, 28) These counts raise claims on behalf of plaintiffs Idris Young ("Young"), Ernest Parson ("Parson"), Michael Manley ("Manley"), and David Stevenson ("Stevenson") who belong to the Sunni-Salafi orthodox denomination of Islam. Count 2 raises a free exercise of religion claim for plaintiffs Christopher Desmond and Walls who practice Catholicism. (D.I. 1 at 7) Plaintiff James Hardwick recently amended the

---

[1] Salafi moved to voluntarily dismiss his claims and the motion was granted on March 14, 2013. (D.I. 43, 45)

complaint to add claims related to religious services available to Jewish inmate at the VCC. (D.I. 168)

3. **Motions to sever.** Defendants move to strike Hardwick's claims, or in the alternative, to sever his claims from those of the other plaintiffs in this action. (D.I. 188) Walls recently moved to amend the complaint (D.I. 190) and defendants oppose the motion, or in the alternative, move to sever the claims of Walls and Desmond from those of the other plaintiffs in this action. (D.I. 197) Federal Rule Civil Procedure 21 provides that, "the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." The decision to deny a motion to sever is committed to the discretion of the district court. *In re EMC Corp.,* 677 F.3d 1351, 1355 (Fed. Cir. 2012). *See also Dougherty v. Mieczkowski,* 661 F. Supp. 267, 277-78 (D. Del. 1987).

4. The court has reviewed plaintiffs' claims. They raise claims on behalf of three distinct religions. In light of the divergent religions, the court will sever the claims into three complaints, as follows: (1) Desmond and Walls v. Phelps, et al.; (2) Young, Parson, Manley, and Stevenson v. Phelps, et al.; and (3) Hardwick v. Phelps, et al. Plaintiffs in each case will be given leave to file an amended complaint limited to the time-frame of the original complaint and to claims specific to the religion practiced by plaintiffs (e.g., Islam, Catholicism, Judaism). The court will screen the amended complaints in the three cases pursuant to the screening provisions of 28 U.S.C. § 1915A(a).

5. **Conclusion.** For the above reasons, the court will grant defendants' motions to sever. (D.I. 188, 197) All remaining motions will be denied without prejudice to

2

renew. The Clerk of Court will be directed to open two new cases as outlined above. A separate order shall issue.

Dated: April 22, 2015

UNITED STATES DISTRICT JUDGE