IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER DESMOND, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. No. 12-1120-SLR |
| | ) |
| PERRY PHELPS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Introduction.** Plaintiffs Christopher Desmond ("Desmond") and Joseph M. Walls ("Walls") (together "plaintiffs"), inmates at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act. They proceed pro se and have paid the filing fee. On April 22, 2015, the court entered an order that severed plaintiffs' claims. (*See* D.I. 208) They are the remaining plaintiffs in this action. Plaintiffs were ordered to file an amended complaint and advised that it would be subject to the preliminary screening requirements of 28 U.S.C. § 1914A. (*See id.*) The case proceeds on the amended complaint (D.I. 224) filed on August 4, 2015. Pending are several motions filed by the parties. (D.I. 222, 225, 226, 227, 228)

2. **Background.** Plaintiffs, who are Catholic, were two of several plaintiffs named in Civ. No. 12-1120-SLR, a case that raised religious discrimination claims based upon Muslim, Catholic, and Jewish faiths. On March 23, 2015, defendants moved to sever plaintiff's claims from those of the other plaintiffs in Civ. No. 12-1120-SLR. (D.I. 197) The court granted the motion on April 22, 2015. (*See* D.I. 207, 208)

3. **Screening of Complaint**. The court has reviewed and screened plaintiffs' amended complaint (D.I. 224) pursuant to 28 U.S.C. § 1915A(a). Plaintiffs have raised what appear to be cognizable and non-frivolous 42 U.S.C. § 1983, Religious Land Use and Institutionalized Persons Act, and retaliation claims against defendants Perry Phelps ("Phelps"), David Pierce ("Pierce"), James Scarborough ("Scarborough"), Michael Knight ("Knight"), Christopher Senato ("Senato"), Frank Pennell ("Pennell"), and Hosterman ("Hosterman"). Hosterman is a newly added defendant and a service order will issue for him.

4. Defendants Jim Corroathers ("Corroathers") and Joseph Simmons ("Simmons") are not mentioned in the amended complaint. The court, therefore, considers that plaintiffs have abandoned their claims against these two defendants and they will be dismissed. Defendants shall file an answer or otherwise plead once Hosterman has been served.

5. **Motion to Impose Filing Fee**. On August 28, 2015, defendants filed a motion to require plaintiffs to pay a filing fee pursuant to the PLRA. (D.I. 225) In turn, plaintiffs filed a motion for Rule 11 sanctions. (D.I. 226) The court will deny the motions. To support their position, defendants argue that the filing fee was paid by an inmate who withdrew from the case, the case was never certified as a class action, and the court never granted James Hardwick's ("Hardwick") motion to intervene in Civ. No. 12-1120-SLR. The court is perplexed by defendants' current position given the background of this case and, most notably, that severance occurred upon the grant of defendants' motion to sever and defendants filed a separate motion with regard to

2

Hardwick's claims that acknowledged the court had granted plaintiff's motion to intervene in Civ. No. 12-1120-SLR. (*See* D.I. 188)

6. Defendants rely upon *Hagan v. Rogers*, 570 F.3d 146 (3d Cir. 2009), in arguing that plaintiffs have not paid the filing fee or applied to pay the filing in installments pursuant to the PLRA. *Hagan* is applicable in cases where multiple prisoners seek to join as plaintiffs and do not prepay the filing fee. When this occurs, each plaintiff must submit a complete application to proceed in forma pauperis if he or she desires the complaint to be filed on his or her behalf. *See Hagan*, 570 F.3d at 154-55. Under those circumstances, if the court permits more than one prisoner to join as a plaintiff under Rule 20 and the in forma pauperis application is granted, the court is required to collect the full filing fee from each prisoner-plaintiff in subsequent partial payments. *See Hagan*, 570 F.3d at 155-56; 28 U.S.C. § 1915(b)(1). The distinction between *Hagan* and severed case Civ. No. 12-1120-SLR is that, while Civ. No. 12-1120-SLR was initiated by multiple plaintiffs, there was full prepayment of the filing fee. *Hagan* does not stand for the proposition that one civil rights case can never be brought by multiple prisoners who pay the filing fee. Were this the case, prisoners in a multi-plaintiff case represented by counsel would be required to prepay an individual filing fee for each plaintiff in the represented case.

7. Defendants also argue that Walls was granted leave to proceed in forma pauperis and, therefore, he should be required to pay the filing fees through the installment process. (D.I. 230) Walls, however, was granted in forma pauperis status after full prepayment of the filing fee. The finding of indigency came into play only to

3

the extent that plaintiffs were formerly required to pay the costs of service. (See D.I. 66) It had no effect with regard to prepayment of the filing fee.

8. In ruling upon, and granting, defendants' motions to sever, the court noted that the filing fee had been paid, directed the opening of two other cases, and did not impose filing fee requirements upon plaintiffs in the two severed cases. See e.g., Ghashiyah v. Raemisch, 2009 WL 775102 (E.D. Wisc. 2009) (in severed action where new case opened, no additional filing fee required in the new case). Because the filing fee was prepaid, plaintiffs do not proceed under the filing fee requirements of the PLRA.[1]

9. **Motions for Injunctive Relief**. Desmond filed a motion for injunctive relief to order defendants to stop retaliating against him for filing this lawsuit. (D.I. 222) Walls filed a motion for injunctive relief to order prohibit defendants from confiscating his legal papers or to provide him with an area to store his legal papers. (D.I. 227) Defendants will be ordered to respond to the motions.

10. **Motion for Stay**. Defendants move to stay this matter pending screening of the amended complaint. (D.I. 228) The motion will be denied. The court has screened the amended complaint as discussed above.

11. **Conclusion**. For the above reasons, the court: (1) finds that plaintiffs have stated what appear to be cognizable and non-frivolous claims against defendants

---

[1] The court is aware that § 1915(b)(1) requires that indigent prisoners filing civil actions pay the full amount of a filing fee. See Siluk v. Merwin, 783 F.3d 421, 425 (3d Cir. 2015). Without belaboring the point, plaintiff did not seek a finding of indigence, and the filing fee in the severed case was not assessed under the requisites of § 1915(b)(1).

4

Phelps, Pierce, Scarborough, Knight, Senato, Pennell, and Hosterman; (2) will dismiss defendants Corroathers and Simmons; (3) will deny defendants' motion to impose filing fees pursuant to the PLRA (D.I. 225) and motion to stay (D.I. 228); (4) will deny plaintiffs' motion for sanctions (D.I. 226); and (5) will order defendants to file responses to plaintiffs' motions for injunctive relief (D.I. 222, 227). A separate order shall issue.

Dated: October 13, 2015

UNITED STATES DISTRICT JUDGE