IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER DESMOND, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. No. 12-1120-SLR |
| ) | |
| PERRY PHELPS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

1. **Introduction.** Plaintiffs Christopher Desmond ("Desmond") and Joseph M. Walls ("Walls") (together "plaintiffs"), inmates at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act. They proceed pro se and have paid the filing fee. Pending are several motions filed by the parties. (D.I. 222, 227, 231, 232, 237, 238, 240)

2. **Background.** Plaintiffs, who are Catholic, were two of several plaintiffs named in Civ. No. 12-1120-SLR, a case that raised religious discrimination claims based upon Muslim, Catholic, and Jewish faiths. On March 23, 2015, defendants moved to sever plaintiffs' claims from those of the other plaintiffs in Civ. No. 12-1120-SLR. (D.I. 197) The court granted the motion on April 22, 2015. (*See* D.I. 207, 208) Desmond and Walls are the remaining plaintiffs in this action.

3. **Motion for Preliminary Injunction.** Desmond moves the court for an order of protection to preclude defendants' retaliation against him for exercising his First

Amendment rights in seeking redress of violations relating to grievances he submitted.[1] (D.I. 222) Walls moves the court for an order prohibiting defendants from confiscating his legal papers or to provide him with an area to store and assess his legal papers.[2] (D.I. 227) Defendants oppose both motions. These motions are two, of many, that plaintiffs have filed seeking injunctive relief for claims unrelated to the issues raised in the complaint. (*See* D.I. 58) Plaintiffs were previously placed on notice that filings raising issues unrelated to the instant complaint will be docketed, but not considered. (*See id.*) The instant motions fall in that category. They are docketed, but not considered by the court, and therefore will be dismissed.

4. **Motion to Stay Scheduling Order.** Walls moves the court to stay the June 16, 2015 scheduling order pending disposition of a motion to compel he filed on the same day. (D.I. 231) The court will deny the motion.

5. **Motion for Order Compelling Disclosure and Discovery.** On October 9, 2015, Walls filed a motion to compel defendants to respond to discovery served upon

---

[1] Desmond seeks a transfer to a different housing unit. The custody placement or classification of state prisoners within the State prison system is among the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts." *Meachum v. Fano*, 427 U.S. 215, 225 (1976). "[M]aintaining institutional security and preserving internal order and discipline" are the central goals of prison administration. *Bell v. Wolfish*, 441 U.S. 520, 546 (1979). The court has no authority to dictate Desmond's housing assignment or prison classification as these determinations are made by prison authorities as part of the administration of the prison.

[2] This district has determined that the prison regulation limiting the number of boxes of personal effects an inmate can keep in his cell is reasonably related to legitimate penological objectives as the regulation promotes fire safety, limits access to contraband and clutter, and inmates have access to the prison's law library. *See Howard v. Snyder*, 389 F. Supp. 2d 589 (D. Del. 2005).

them on July 25, 2015. (D.I. 232) Defendants responded to the discovery on September 2, 2014. Desmond filed a motion to compel seeking to brief the issue of the constitutionality of 11 Del. C. § 4322(c) and (d) (the statute precludes the dissemination of certain records to inmates), the basis for many of defendants' objections to discovery requests. (See D.I. 142) The motion was denied without prejudice. (D.I. 160)

6. Walls' motion does indicate the particular discovery responses to which he takes exception or seeks a response. Defendants responded to certain discovery requests and objected to others. (See D.I. 139)[3] In addition, defendants recently supplemented their discovery and provided plaintiffs with policies related to the practice of religion at VCC. (See D.I. 236) The court is unable to rule on discovery issues when it does not have before it the particular requests to which Walls seeks a response. Therefore, the motion will be denied.

7. **Motion for sanctions**. Desmond moves for the imposition of Rule 11 sanctions against defense counsel. (D.I. 237) The motion does not meet the requisites for Rule 11 sanctions. See Fed. R. Civ. P. 11(c). In addition, sanctions are not warranted. The motion will be denied.

8. **Motions for Reconsideration**. Desmond moves for reconsideration of prior decisions on religious diets but does not reference a particular order. (D.I. 238) For relief he seeks a "'show cause order' of why he is being held in max status [and] denied all access to tenets of his Catholic faith." Defendants move for reconsideration of the

---

[3]Plaintiffs move to dismiss defendants' response to plaintiffs' motion to compel. The court considers the motion to dismiss (D.I. 242) a reply to defendants' response to Wall's motion to compel.

3

October 13, 2015 memorandum opinion and order (D.I. 234, 235) that denied their motion to impose filing fees. (D.I. 240)[4]

9. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

10. Desmond fails to advise which orders he wishes the court to reconsider. In addition, it appears from the relief sought that he continues to be unhappy with his housing assignment. Desmond has failed to demonstrate grounds for reconsideration and, therefore, his motion will be denied.

11. With regard to defendants' motion, the court thoroughly reviewed the motion, the filings in this case by all parties, and the law prior to denying the motion to impose filing fees. After carefully considering defendants' motion, the court finds they have failed to demonstrate grounds that warrant reconsideration of the court's October 13 memorandum opinion and order. Therefore, the motion will be denied.

12. **Conclusion**. For the above reasons, the court will: (1) dismiss the motion for preliminary injunction and motion to protect exhibits and court filings (D.I. 222, 227)

---

[4]Plaintiffs move to dismiss defendants' motion for reconsideration. The court considers the motion to dismiss (D.I. 242) as plaintiffs' opposition to defendants' motion for reconsideration.

4

and (2) will deny the remaining motions (D.I. 231, 232, 237, 238, 240). A separate order shall issue.

Dated: November 24, 2015

_____
UNITED STATES DISTRICT JUDGE