IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER DESMOND, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. No. 12-1120-SLR |
| | ) |
| PERRY PHELPS, et al., | ) |
| | ) |
| Defendants. | ) |

Christopher Desmond and Joseph M. Walls, James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se Plaintiffs.

Ryan P. Connell, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

Dated: May 9, 2016
Wilmington, Delaware

**ROBINSON, District Judge**

## I. INTRODUCTION

Plaintiffs Christopher Desmond ("Desmond") and Joseph M. Walls ("Walls") (together "plaintiffs"), inmates at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). They proceed pro se and have paid the filing fee. Pending are several motions filed by the parties. (D.I. 246, 249, 253, 254, 255, 256, 258, 261, 262)

## II. BACKGROUND

Plaintiffs, who are Catholic, were two of several plaintiffs named in Civ. No. 12-1120-SLR, a case that raised religious discrimination claims based upon Muslim, Catholic, and Jewish faiths. On March 23, 2015, defendants moved to sever plaintiffs' claims from those of the other plaintiffs in Civ. No. 12-1120-SLR. (D.I. 197) The court granted the motion on April 22, 2015. (See D.I. 207, 208) Desmond and Walls are the remaining plaintiffs in this action. An amended complaint was filed on August 4, 2015. (D.I. 224) The court construes count II of the original complaint (D.I. 1) and the amended complaint (D.I. 224), together, as the operative pleading. Defendants are sued in their individual and official capacities. The original complaint seeks injunctive and declaratory relief. (D.I. 1 at 23-27) The amended complaint does not contain a prayer for relief.

Plaintiffs allege that from 2010 throughout 2012, defendants Perry Phelps ("Phelps"), Michael Knight ("Knight"), Christopher Senato ("Senato"), and Frank Pennell ("Pennell") denied them equal protection and free exercise of religion in violation of the

First and Fourteenth Amendments and RLUIPA. (D.I. 1, count 2, ¶¶ 1, 2) More particularly, plaintiffs allege Phelps, Knight, Senato, and Pennell refused to allow them to worship, assemble, and celebrate on all religious holidays that are mandatory and non-mandatory, and belie and misunderstand plaintiffs' religious holidays, labeling them as banquets, creating a substantial burden in violation of the terms of RLUIPA. (Id. at ¶¶ 3, 4) In addition, plaintiffs allege that inmates who practice Protestant religions enjoy full liberty to celebrate, worship, and assemble on their religious holidays and practice the tenants of their religion, while similarly situated Catholics are not. (Id. at ¶ 5)

Plaintiffs further allege that Phelps, Knight, Senato, Pennell, and defendants David Pierce ("Pierce"), James Scarborough ("Scarborough"), and Hosterman ("Hosterman") violated their First Amendment right to exercise their Catholic faith when: (1) during an unstated time, defendants retaliated against Catholics when plaintiffs complained to a prison oversight committee formed by elected legislators[1] about the conditions at the VCC;[2] (2) plaintiff Desmond (as chairman of the social concerns Catholic teaching meetings and author of the yearly social concerns legislative agenda who sought an investigation of Phelps) was targeted by Phelps in 2009, 2010, 2013, 2015, which resulted in the banning of the Catholic priest and religious volunteers from the VCC even though they were allowed in other prisons within the Delaware Department of Correction ("DOC"); (3) on unstated dates, defendants retaliated by stopping full Catholic communion of wine and bread, stopping the prayer of the faithful,

---

[1]Apparently, plaintiffs are members of a "Social Concerns Committee" at the VCC. The amended complaint seems to refer to the "Social Concerns Committee 2011 Legislative Agenda" promulgated by Desmond. (See D.I. 91, ¶ 12)

[2]Plaintiffs allege that this is a tenant of the social justice teachings in the Catholic faith.

and denying Catholics their feast diet, meals, and observances; (4) on unstated dates, Phelps, Pierce, Scarborough, Pennell, and Hosterman (a) questioned the Catholic practice of social justice, (b) and then (by an order enforced by Pennell) Hosterman, Pierce, and Scarborough interfered by telling inmates what they could discuss with outside officials relating to VCC prison policies, (c) and eventually eliminated all community impact meetings by eliminating the Catholic priest and all Catholic volunteers; (5) on unstated dates, Phelps retaliated against plaintiffs by issuing false disciplinary reports on them and transferring plaintiffs to maximum housing units, thus denying plaintiffs access to all Catholic services, a priest and volunteers, communion, and confession; and (6) Phelps individually targeted plaintiff Desmond when Desmond refused to "not criticize the administration's policy" by (a) placing Desmond in a different housing unit after each of his publications (including a trumped-up disciplinary report received within days of Desmond submitting his 2014-2015 social concerns agenda), (b) copying a letter from the ACLU requesting contact with a priest and Catholic volunteers, (c) piling on classification points to hold Desmond in maximum housing, and (d) denying his access to mass, communion, confession, and all tenants of his faith. (D.I. 224, ¶¶ 1, 2, 3(a), 3(b), 3(c))

### III. MOTION TO DISMISS

Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that plaintiffs do not clearly identify how each named defendant personally violated either the Constitution or RLUIPA, the allegations "lump" together the activities of senior management, the treatment administrator, the food service provider and the chaplain staff, and it is not clear what role each defendant played in the purported violations of plaintiffs' religious freedoms. (D.I. 256) Defendants also contend that: (1) they are

entitled to qualified immunity; (2) RLUIPA bars plaintiffs' claims for monetary damages; (3) and the claims against Hosterman are time-barred. (*Id.*) In the alternative defendants ask that their motion be treated as a motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e) for plaintiffs to file an amended complaint clarifying the allegations against each individual defendant.[2] (*Id.* at n.4) Desmond opposes the motion. (D.I. 259) Walls seeks an extension of time to file his opposition to the motion to dismiss.[3] (D.I. 262)

Having considered the complaint, amended complaint, defendants' motion, and Desmond's opposition to the motion, the court finds there remains a great deal of uncertainty as to the specific nature, circumstances, and time-frame of plaintiffs' claims against each of the named defendants. Consequently, the court will deny defendants' motion to dismiss without prejudice to renew and, instead, will grant their motion for a more definite statement.

Plaintiffs shall file a single unified second amended complaint against the named defendants limited to the time-frame of the original complaint and to claims specific to

---

[2] As set forth by the Third Circuit, "[u]nder Rule 12(e), a defendant may move for a more definite statement '[i]f a pleading . . . is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading.' The Rule 12(e) 'motion shall point out the defects complained of and the details desired.' When a complaint fashioned under a notice pleading standard does not disclose the facts underlying a plaintiff's claim for relief, the defendant cannot reasonably be expected to frame a proper, fact-specific [] defenses . . . . The Rule 12(e) motion for a more definite statement is perhaps the best procedural tool available to the defendant to obtain the factual basis underlying a plaintiff's claim for relief." *Thomas v. Independence Twp.*, 463 F.3d 285, 301 (3d Cir. 2006) (internal citations omitted).

[3] The court will deny Walls' motion given that plaintiffs will be given leave to file a second amended complaint. (D.I. 262)

4

the religion practiced by plaintiffs.[4] The second amended complaint shall specifically set forth the particular actions allegedly taken by **each** defendant, the date(s) of such actions, the bases for plaintiffs' claim(s) against **each** defendant, and the relief sought.[5]

## IV. MOTION FOR SANCTIONS

Desmond moves for the imposition of Rule 11 sanctions against defendants. (D.I. 246) The motion does not meet the requisites for Rule 11 sanctions. See Fed. R. Civ. P. 11(c). In addition, sanctions are not warranted. The motion will be denied.

## V. MOTIONS FOR INJUNCTIVE RELIEF

Desmond has filed a number of motions, all framed as motions for orders of protection, and all seeking injunctive relief. (D.I. 249, 253, 258, 261) He moves the court for an order of protection to preclude defendants' retaliation against him for exercising his First Amendment rights in filing this complaint, to preclude what he considers retaliatory searches of his cell that found contraband in the cell, and seeking a different housing assignment.[6]

---

[4]The court notes that the amended complaint (D.I. 224) speaks to time-frames outside the time-frame of the original complaint.

[5]Although they have not sought monetary damages, by virtue of defendants' motion to dismiss, plaintiffs have been placed on notice that they cannot maintain a RLUIPA action for monetary damages against defendants in their individual or official capacities. RLUIPA does not permit actions for damages against state officials in their individual capacities, see Sharp v. Johnson, 669 F.3d 144, 1534 (3d Cir. 2012), or in their official capacities by reason of Eleventh Amendment immunity, see Sossamon v. Texas, 563 U.S. 277, 293 (2011). Sovereign immunity thus bars any claims for damages against defendants. The only relief potentially available under RLUIPA is injunctive or declaratory relief, which plaintiffs appear to seek. See Payne v. Doe, ___ F. App'x ___, 2016 WL 123624, at *4 (3d Cir. 2016) (unpublished).

[6]Desmond seeks a transfer to a different housing unit. The custody placement or classification of state prisoners within the State prison system is among the "wide spectrum of discretionary actions that traditionally have been the business of prison

5

Desmond has filed numerous motions seeking a transfer to a different housing unit. Inundating the court with duplicative motions that are, perhaps, tangentially related to the instant case, does nothing more than to slow the ultimate disposition of this case. The court finds that Desmond has failed to demonstrate that injunctive relief is appropriate. See *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999); *NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997); *Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (unpublished). Therefore, the motions will be denied. (D.I. 249, 253, 258, 261)

Desmond is placed on notice that future filings for injunctive relief and/or orders of protection that seek transfer to a different housing unit will be docketed, but not considered.

## VI. MOTION TO COMPEL

Desmond moves to compel discovery. (D.I. 254) He seeks a 78 page institutional classification policy used by the multi-disciplinary team to assign inmates to SHU-Max level that contains a religious/organization section. (D.I. 254) The motion to compel does not reference Desmond's discovery request for the document he seeks. The court is unable to rule on discovery issues when it does not have before it the particular requests to which Desmond seeks a response. Moreover, the motion appears moot given that Desmond states he "has obtained and reviewed the 'Internal

---

administrators rather than of the federal courts." *Meachum v. Fano*, 427 U.S. 215, 225 (1976). "[M]aintaining institutional security and preserving internal order and discipline" are the central goals of prison administration. *Bell v. Wolfish*, 441 U.S. 520, 546 (1979). The court has no authority to dictate Desmond's housing assignment or prison classification as these determinations are made by prison authorities as part of the administration of the prison.

6

JTVCC/DOC Institutional Classification Procedure' booklet 78 pages long marked confidential." (D.I. 254 at 1-2) Therefore, the court will deny the motion.

## VII. MOTION TO SCHEDULE SETTLEMENT

Walls moves the court to schedule a settlement conference and trial date. (D.I. 255) The motion will be denied as premature.

## VIII. CONCLUSION

For the above reasons, the court will: (1) deny Desmond's motion for sanctions (D.I. 246), motions for order of protection (D.I. 249, 253, 258), motion to compel (D.I. 254), and motion to amend/correct motion for an order of protection (D.I. 261); (2) deny without prejudice as premature Walls' motion to schedule settlement conference and trial date (D.I. 255) and deny his motion for an extension of time to respond to defendants' motion to dismiss (D.I. 262); and (3) deny defendants' motion to dismiss and grant defendants' motion for a more definite statement (D.I. 256). Plaintiffs will be given leave to file a second amended complaint as set forth in this memorandum opinion.

A separate order shall issue.

7