## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

CHRISTOPHER DESMOND, et al., )
                                          )
            Plaintiffs,                   )
                                          )
    v.                                    ) Civ. No. 12-1120-SLR
                                          )
PERRY PHELPS, et al.,                     )
                                          )                    FEB 13 2017
            Defendants.                   )

## **MEMORANDUM**

1. **Introduction and Background**. Plaintiff Christopher Desmond ("plaintiff"),

an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware,

filed a petition for a writ of mandamus seeking an order for his release from alleged

"unlawful conditions of confinement." (D.I. 282) The gist of the petition is that, following

the recent February 2017 prison riot and hostage situation at the VCC that resulted in

the death of Sgt. Steven R. Floyd, prison officials placed all inmates on emergency

lockdown. Published accounts indicate that the riot occurred in the C-Building at the

VCC and, it appears that at the time of the riot, plaintiff was housed there. Plaintiff

complains that he is improperly housed in solitary confinement because "all known

participants" have been identified. The court notes that the issues raised by plaintiff in

his petition are unrelated to the issues raised in the instant action.

2. **Discussion**. Under the All Writs Act, a federal court has jurisdiction to issue

a writ of mandamus only "in aid of" its jurisdiction. 28 U.S.C. § 1651(a). Federal courts

have jurisdiction "in the nature of mandamus to compel an officer or employee of the

United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. §

1361.[1] Plaintiff does not allege any action or omission by a federal officer, employee, or agency that this court might have mandamus jurisdiction to address in the first instance. Instead, he asks this court to exercise mandamus jurisdiction over two State officials, Delaware Department of Correction Commissioner Perry Phelps and VCC Warden David Pierce, and order them to release plaintiff from solitary confinement.

3. This court does not have jurisdiction to grant the request. *See In re Wallace*, 438 F. App'x 135 (3d Cir. 2011) (unpublished) (federal court lacked jurisdiction to compel state court to dismiss criminal charges against petitioner). *See also In re Wolenski*, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam) (explaining that District Court "had no jurisdiction" to "issue a writ of mandamus compelling action by a state official"); *Cochran v. Municipal Court of City of Barberton, Summit Cnty.*, 91 F. App'x 365 (6th Cir. 2003) (unpublished) (federal district court could not compel state officials to follow state law and, thus, federal district court properly dismissed citizen's civil rights claim for writ of mandamus in which citizen sought to compel state court to render decisions on citizen's post-conviction motions in citizen's littering conviction).

4. Plaintiff has much experience filing cases. He has available to him the option of commencing a new action in an attempt to obtain the relief he seeks. Plaintiff is

---

[1]To be eligible for mandamus relief under 28 U.S.C. § 1361, a petitioner must satisfy three conditions. First, the party seeking issuance of a writ must demonstrate that he has "no other adequate means to attain the relief he desires." *Cheney v. United States Dist. Court*, 542 U.S. 367, 380 (2004) (citation omitted). Next, he must carry the burden of showing that "his right to the issuance of the writ is clear and indisputable." *Id.* at 381 (citations omitted). Finally, "the issuing court . . . must be satisfied that the writ is appropriate under the circumstances." *Id.*

2

placed on notice that future filings in this case raising issues related to the February 2017 riot will be docketed, but not considered.

5. **Conclusion**. For the above reasons the court will deny the petition for writ of mandamus. A separate order shall issue.

Dated: February  13 , 2017

UNITED STATES DISTRICT JUDGE

3