IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER DESMOND and JOSEPH M. WALLS, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civ. No. 12-1120-SLR<br>) |
| PERRY PHELPS, et al., | )<br>)<br>) |
| Defendants. | ) |

**MEMORANDUM**

1. **Introduction.** Plaintiffs Christopher Desmond ("Desmond") and Joseph M. Walls ("Walls") (together "plaintiffs"), inmates at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Desmond proceeds pro se and Walls is represented by counsel. Pending are several motions filed by Desmond. (D.I. 280, 284, 291)

2. **Background.** Plaintiffs, who are Catholic, were two of several plaintiffs named in Civ. No. 12-1120-SLR, a case that raised religious discrimination claims based upon Muslim, Catholic, and Jewish faiths. On March 23, 2015, defendants moved to sever plaintiffs' claims from those of the other plaintiffs in Civ. No. 12-1120-SLR. (D.I. 197) The court granted the motion on April 22, 2015. (*See* D.I. 207, 208) Desmond and Walls are the remaining plaintiffs in this action.

3. **Motion for Sanctions.** Desmond moves for the imposition of Rule 11 sanctions against defendants. (D.I. 280) The motion seeks injunctive relief, raising issues regarding the practice of religion. On May 24, 2016, plaintiffs were placed on

notice that filings seeking injunctive relief regarding the practice of religion, an issue that has been discussed repeatedly, would be docketed, but not considered. (*See* D.I. 270, May 24, 2016 order) This motion appears to be an attempt to skirt that order. The motion does not meet the requisites for Rule 11 sanctions and, further, sanctions are not warranted. *See* Fed. R. Civ. P. 11(c). Therefore, the motion will be denied.

4. **Requests for Counsel**. On December 6, 2016, the court granted Walls' requests for counsel, noting that he had been granted in forma pauperis status. (*See* D.I. 277) Walls is now represented by counsel. Desmond requests counsel on the grounds that, as a result of the February 2017 hostage incident at the VCC, he is housed in solitary confinement, he is denied law library access, an attorney would assist in settlement of the matter, and he is at an disadvantage given that Walls is now represented by counsel. (D.I. 284, 291)

5. Pursuant to 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any personal unable to afford counsel. Section 1915(e)(1) confers the district court with the power to request that counsel represent a litigant who is proceeding in forma pauperis. To date, Desmond has not sought in forma pauperis status and there has been no finding of indigency. Hence, Desmond does not qualify for counsel under § 1915. Therefore, the court will deny the requests without prejudice to renew upon a finding of Desmond's indigency. (D.I. 284, 291)

6. **Conclusion**. For the above reasons, the court will: (1) deny Desmond's motion for sanctions (D.I. 280); and (2) deny without prejudice to renew Desmond's requests for counsel (D.I. 284, 291). A separate order shall issue.

Dated: April __20__, 2017

Senior United States District Judge