TO: Hon Sue L. Robinson
SENIOR U.S. DISTRICT COURT JUDGE
RE: <u>Desmond, etal V. Phelps, etal</u>
   Civ. A. No. # 12-1120 SLR
SUBJ: <u>INTERFERENCE BY DEFENDANTS, etal IN COMMUNICATING WITH COUNSEL AS RELATING TO THE PENDING CIVIL ACTION</u>

Dear Judge Robinson,

I have tried refraining from corresponding with the court directly relating to "matters" concerning this case, however, because of the defendants conduct I can no longer be assured that my communications are being forwarded to counsel, 1) on or about the month of June 2017 counsel informed me by letter that certain Catholic volunteers that had been listed in this civil action were no longer barred from JTVCC, however when Desmond inquired "why they had not returned yet" he was told by Catholic community members "The Defendants" "were still prohibiting their reentry into the institution", thereby prohibiting catholic's from practicing their faith by denying them access to "catholic volunteer advisors".

Petitioner forwarded the letter from counsel to the catholic community, it was confiscated by Chaplain Gus Christo and never forwarded to the catholic community or returned to Desmond, upon learning this information petitioner filed an Institutional Grievance which was returned on 9/12/17 by Inmate Grievance Chair unprocessed.

1

Petitioner filed a second grievance raising a second interference claim against defendants, etal and Chaplain Gus Christo referring to his/their interference with Catholic's Tenets of their Faith performing acts of charity for indigent inmates through the St. Vincent de Paul Society, who defendants force to buy commissary items "from them" rather than obtaining the items from their own (sources) for free to deliver to indigent inmates. Petitioner objected to Chp. Christo handing out the packages without the participation of Catholic's who pay for the hygene products as a Tenet of their Faith in charity, which also includes "acts of charity participation". The defendants, etal, claimed that practicing your faith was "<u>a pciviledge</u>", not a right, in Tenets of Charity. Petitioner documented these problems in a letter addressed to counsel(s) on 9/13/17 along with attached exhibits/social concerns Agenda Grievances. On 9/15/17 Desmond reported to the Prison LAW LIBRARY for an appointment and inquired about these copies and was informed by staff paralegal Tim Martin they were "sent institutional mail on 9/14/17". It's now Sept. 17, 2017 and Desmond has not recieved <u>any</u> <u>of</u> <u>his</u> <u>communications</u> <u>copies.</u>

 In this case, since Desmond has corresponded with counsel on several occassions relating to matters in dispute and has not recieved any return communications petitioner seeks the court's assistances in a line of communications given defendants, etal conduct in —

2

—interferring and cofiscating/losing documents relating to the issues of this pending civil action.
3) On a related matter, the defendants, etal have since this case has been pending entered into the St. Dismas Catholic Community Office at the prison and removed "<u>ALL</u>" prior social concerns materials and St. Dismas Catholic Community News Letters, these items had, prior to their removal, been requested in Discovery by Mr. Walls, as evidence in this case.

The petitioner respectfully moves the court address these issues with counsel and the defendants, etal.

cc. Ryan Connell
    Deputy Attorney General
    E-Filed
DATE: Sept. 18, 2017

Sincerely
Christopher R. Desmond
JTVCC
1181 Paddock Road
Smyrna, Delaware 19977